**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4730

ETTA M. WEBSTER,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-99-69)

Submitted: February 29, 2000

Decided: March 23, 2000

Before MICHAEL and TRAXLER, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

R. Clarke VanDervort, Charleston, West Virginia, for Appellant.
Rebecca A. Betts, United States Attorney, Louise Anna Crawford,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Etta M. Webster appeals the district court's judgment order sentencing her to thirty months following her guilty plea to uttering counterfeit obligations in violation of 18 U.S.C.§ 472 (West 1994 & Supp. 1999). We affirm.

Webster contends that the district court erred in enhancing her offense level pursuant to U.S. Sentencing Guidelines Manual § 2B5.1(b)(2) (1998) for her participation in the manufacture of the counterfeit bills. The district court did not clearly err by rejecting Webster's testimony that she did not trim the bills at issue, particularly in light of other witnesses' testimony that Webster did assist in the cutting of the counterfeit notes. See United States v. Fisher, 58 F.3d 96, 100 (4th Cir. 1995).

Webster also challenges the district court's application of USSG § 3B1.4 (1998) to enhance her sentence for involvement of a minor in the offense. Webster's own testimony establishes that she did, in fact, ask a minor to produce the counterfeit notes. The testimony of two other witnesses confirms Webster's conversation with the minor. Webster's conduct was relevant to her offense of conviction pursuant to USSG § 1B1.1 n.1(1) (1998). Accordingly, the district court was not clearly erroneous in enhancing Webster's sentence.

Finally, Webster disputes the district court's refusal to grant a reduction for acceptance of responsibility pursuant to USSG § 3E1.1 (1998). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," and, therefore, the sentencing judge's determination "is entitled to great deference on review." USSG § 3E1.1 n.5 (1998). Credibility determinations are within the province of the sentencing court and will not be overturned unless clearly erroneous. See Fisher, 58 F.3d at 100. The district court did

2

not clearly err in finding that Webster testified falsely and was not entitled to a reduction for acceptance of responsibility.

Accordingly, we affirm Webster's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3